IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANDOLA MANAGEMENT, INC., | § § § | |
| vs. | § § | CAUSE NO.: 1:11-cv-00478 |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY | § § § | |

**DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S
FIRST AMENDED ORIGINAL ANSWER AND ORIGINAL COUNTERCLAIM**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE LEE YEAKEL:

COMES NOW, **PHILADELPHIA INDEMNITY INSURANCE COMPANY**, Defendant herein, and in answer to Plaintiff's Original Petition, makes and files this Defendant's First Amended Original Answer, respectfully showing unto the Court the following:

### I. DEFENSES

1. Defendant would show Plaintiff's claims fail to state a claim upon which relief may be granted, pursuant to Rule 12b(6). FED. R. CIV. P.

2. Defendant would show Plaintiff lacks capacity and/or standing to sue Defendant because Plaintiff is not an Insured under the subject policies identified in Paragraph 8 of Plaintiff's Original Petition. FED. R. CIV. P. 9(b). In addition, and in the alternative, Plaintiff, as assignee of Duchmandola, Ltd. (n/k/a Duchman, Ltd. and referred to by Plaintiff as "DM, Ltd."), also lacks capacity and/or standing to sue because DM, Ltd. released all claims against Philadelphia Indemnity Insurance Company ("PIIC"). FED. R. CIV. P. 9(b).

## II. ADMISSIONS AND DENIALS

3. Defendant admits Mandola Management, Inc. ("MMI"), Plaintiff, is a Texas corporation with its main office and principal place of business in Travis County, Texas as asserted in Paragraph 2 of Plaintiff's Original Petition.

4. Defendant admits the allegations in Paragraph 3 of Plaintiff's Original Petition.

5. Defendant admits on or about November, 2005, Mandola Management, Inc. ("MMI"), and DuchMandola, Ltd. (n/k/a Duchman, Ltd. and referenced to hereafter as "DM, Ltd.") entered into an agreement entitled Employee Leasing Agreement, but Defendant denies this agreement satisfies all statutory requirements of an employee leasing agreement and Defendant denies any knowledge of the agreements between MMI and DM, Ltd. at the time the contract was made as alleged in Paragraph 4 of Plaintiff's Original Petition. After diligent search, Defendant is without sufficient information to admit or deny whether or not DM, Ltd. agreed to indemnify MMI from and against claims brought against MMI by leased employees other than as stated in the agreement, as alleged in Paragraph 4 of Plaintiff's Original Petition. Defendant admits Paragraph 7 of the Leasing Agreement is labeled Indemnification and Attorney's Fees, but Defendant denies that this provision meets the requirements of an indemnity agreement or is enforceable as alleged in Paragraph 4 of Plaintiff's Original Petition.

6. Defendant is without sufficient information to admit or deny Katherine Bounds' status as an employee, as described and alleged in Paragraph 5 of Plaintiff's Original Petition, but otherwise, admits a lawsuit was filed by her against the defendants named for violations of the Texas Commission on Human Rights Act.

7. Defendant admits on July 22, 2010, MMI and the Mandolas sued DM, Ltd. as well as Philadelphia Indemnity Insurance Co. (the "Travis County Suit") claiming that DM, Ltd.

was obligated, pursuant to the Indemnity, to reimburse MMI and the Mandolas for its losses and expenses incurred in the Bounds Suit as alleged in Paragraph 7 of Plaintiff's Original Petition. Defendant further admits the Travis County Suit was filed under Cause No. C-1-CV-10-006956. Defendant admits a Final Judgment was entered in Cause No. C-1-CV-10-006956 in the amount of $374,538.00 and denies the remainder of the allegations in Paragraph 7 of Plaintiff's Original Petition.

8. Defendant admits DM, Ltd. is the named Insured on policies PHSD451932 and PHSD368263 issued by PIIC as alleged in Paragraphs 8.a. and 8.b. of Plaintiff's Original Petition, otherwise, Defendant denies Plaintiff's allegations.

9. Defendant denies PIIC is required to indemnify DM, Ltd. under Part 2 as alleged by Plaintiff in Paragraph 9 of Plaintiff's Original Petition. Defendant further denies Plaintiff has provided complete definitions of terms cited in Paragraph 9, parts 1 – 5 of Plaintiff's Original Petition and intends to rely on the complete policy language as provided in each policy identified in Paragraph 8 as well as any other available policy defenses.

10. Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Original Petition.

11. Defendant admits each policy referenced includes a section entitled Common Policy Exclusions, but denies the remainder of the allegations set forth in Paragraph 11 of Plaintiff's Original Petition.

12. Defendant is without sufficient information to admit or deny the allegations as set forth in Paragraph 12 of Plaintiff's Original Petition, and therefore denies Plaintiff's standing or capacity as assignee of DM, Ltd. Defendant further denies Plaintiff or DM, Ltd. or Plaintiff as assignee of DM, Ltd. is entitled to any recovery as alleged in Paragraph 12 as "PIIC Claims."

13. Defendant denies the allegations set forth in Paragraph 13 of Plaintiff's Original Petition.

14. Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Original Petition. Defendant denies Plaintiff or DM, Ltd. have complied with conditions precedent in the policies referenced. Specifically, Plaintiff or DM, Ltd. failed to timely notify Defendant of the Bounds Claim and/or MMI's alleged indemnity claim in order to trigger coverage for the claim. FED. R. CIV. P. 9(c).

15. Defendant denies Plaintiff is entitled to damages as asserted in Plaintiff's prayer of Plaintiff's Original Petition.

### III. AFFIRMATIVE DEFENSES

16. Defendant affirmatively pleads the following defenses to Plaintiff's allegations pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure:

- Accord and satisfaction;
- contributory negligence;
- estoppel;
- failure of consideration;
- payment;
- release;
- res judicata and collateral estoppel;
- statute of limitations; and
- waiver.

17. Defendant further affirmatively pleads that the damages of Plaintiff were caused by the conduct of third parties over whom Defendant had no control.

18. Pleading further and/or in the alternative, Defendant alleges that the sole proximate cause, if any, and/or a proximate cause, if any, of the alleged occurrences and Plaintiff's alleged injuries were the result of the actions of a party other than Defendant.

19. Pleading further and/or in the alternative, Defendant alleges that a new and independent cause, not reasonably foreseeable by Defendant, destroyed any causal connection, if any, between any alleged acts or omissions of Defendant that Plaintiff alleges proximately caused any alleged injuries or damages suffered by Plaintiff.

20. Pleading further and/or in the alternative, no act or omission of Defendant proximately caused or produced Plaintiff's alleged damages.

21. Pleading further and in the alternative, Plaintiff failed to mitigate its damages in that some of Plaintiff's claimed damages could have been prevented by the exercise of due care and mitigation on the part of Plaintiff which Plaintiff failed to do. Therefore, Defendant is not responsible in law for the amount of damages that could have been prevented by Plaintiff's mitigation.

22. Pleading further and/or in the alternative, Defendant avers that such injuries and damages as Plaintiff may have sustained were proximately caused by the failure of the Plaintiff to exercise that degree of care which would have been exercised by persons of ordinary prudence in the exercise of ordinary care under the same or similar circumstance.

23. Pleading further and/or in the alternative, Defendant maintains that Plaintiff and DM, Ltd. released all claims arising out of the Bounds Lawsuit and/or Claim. Accordingly, Defendant maintains Plaintiff's claims arising out of the alleged assignment are barred by release and payment.

24. Defendant would further reserve the right to amend this pleading as discovery progresses.

## IV.     JURY DEMAND

25. Defendant demands a jury trial.

## V.     CONCLUSION

26. Defendant seeks a declaration from this Court that it had no duty under any of the subject policies to indemnify the Plaintiff, MMI, and/or MMI as assignee of DL, Ltd. as follows:

A. For a judgment declaring there is no coverage afforded by Private Company Protection Plus Policy Number PHSD368263, along with any changes, modifications, endorsements, or amendments, for the alleged indemnity agreement between MMI and DM, Ltd. or the alleged damages incurred by MMI as a result of DM, Ltd's failure to pay for defense costs and damages incurred by MMI arising out of the Bounds Claim.

B. For a judgment declaring there is no coverage afforded by Private Company Protection Plus Policy Number PHSD451932, along with any changes, modifications, endorsements, or amendments, for the alleged indemnity agreement between MMI and DM, Ltd. or the alleged damages incurred by MMI as a result of DM, Ltd's failure to pay for defense costs and damages incurred by MMI arising out of the Bounds Claim.

C. For a judgment against Defendant for further necessary and proper relief based on a declaratory judgment or decree granted, after reasonable notice and hearing, against any Plaintiff pursuant to 28 U.S.C. §2202.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by Plaintiff's suit against Defendant, that Defendant be discharged and recover their attorney's fees and costs for the defense of this action, and for such other and further relief, both general

and special, at law or in equity, to which Defendant may be justly entitled.

## ORIGINAL COUNTERCLAIM FOR DECLARATORY JUDGMENT

COMES NOW, **PHILADELPHIA INDEMNITY INSURANCE COMPANY**, Defendant and Counter-Plaintiff herein, and in further answer to Plaintiff's Original Petition, Counter-Plaintiff makes and files this Original Counterclaim, respectfully showing unto the Court the following:

### I. PARTIES

1. Defendant/Counter-Plaintiff, Philadelphia Indemnity Insurance Company (hereinafter "Philadelphia" or "PIIC"), is a corporation duly formed and existing under the laws of the State of Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania.

2. Plaintiff/Counter-Defendant, Mandola Management, Inc. (hereinafter "MMI") is a Texas corporation duly formed and existing under the laws of the State of Texas with its principal place of business in Travis County, Texas, who may be served with this Counterclaim by serving its attorney of record, Brian W. Bishop, 115 Wild Basin Road, Suite 106, Austin, Texas 78746.

### II. JURISDICTION

3. Pursuant to 28 U.S.C. § 2201(a), this court has jurisdiction to render judgment and declare the rights of the parties under the contracts of insurance, which are the subject of this lawsuit.

## III. NATURE OF THE ACTION AND SUPPORTING FACTS

### A. Summary Introduction and Procedural History

4. This is an insurance coverage dispute wherein Philadelphia seeks a declaration that it has no duty to pay for MMI's indemnity claim arising out of an indemnification agreement between MMI and DM, Ltd. for fees and damages allegedly incurred by MMI for the Bounds Claim and/or Lawsuit filed in the 261st Judicial District Court of Travis County, Texas, in Cause no. D-1-GN-08-004114, styled, *Katherine Bounds v. Mandola Management, Inc., Duchmandola, GP, Inc., Duchmandola, L.L.C, Trattoria Lisina, L.L.C., Duchmandola, Ltd., Damian Mandola, Individually, and Trina Mandola, Individually.*

5. PIIC seeks a declaration from this Court that no coverage is afforded under the subject policies issued to DM, Ltd. for damages or claims arising out of an indemnification agreement between MMI and DM, Ltd. for the Bounds Claim.

### B. Employment Practice Liability Insurance ("EPLI") Policies Issued by PIIC

6. MMI seeks indemnity benefits under two different employment practices liability insurance policies issued by PIIC. Specifically, PIIC issued the following policies, none of which provide coverage for DM, Ltd. based on MMI's claim for indemnification or the Bounds Claim:

> Policy No. PHSD368263 issued to Private Company, DuchMandola, Ltd. for policy period: 10/20/08 – 10/20/09
>
> Policy No. PHSD451932 issued to Private Company, DuchMandola, Ltd. for policy period: 10/20/09 – 10/20/10

### C. Indemnity for the Bounds Claim is Not Covered under the 2009 DM, Ltd. Policy

#### 1. DM, Ltd. Provides First Written Notice of the Bounds Claim on February 25, 2010

7. On behalf of DM, Ltd. and DM, GP, Inc., counsel for DM, Ltd. and the Duchmans provided the first written notice of the Bounds Claim to PIIC on February 25, 2010 based on the filing of the First Amended Petition by Bounds joining these defendants.

8. The Mandolas each meet the definition of Individual Insured under the DM, Ltd. 2009 Policy as <u>former</u> directors and officers, employees, and/or spouse of same, regardless of the lack of any notice provided to PIIC by the Mandolas regarding the change in ownership of the Private Companies. The pleading filed by Bounds identifies alleged wrongful employment practice acts committed by Mr. Mandola in his capacity as owner/manager of DM, Ltd. at the time the events asserted in the pleading occurred. Notice remains a condition precedent to coverage for this claims made and reported policy and PIIC need not show prejudice to disclaim coverage when no written claim is made.

9. Moreover, even if the Insureds had complied with the notice provisions, the duty to defend – or in this case reimburse any of the Mandolas for defense costs and expenses incurred depends on review of the allegations in the petition coupled with the provisions of the only policy not expired at the time the alleged claim was made for which notice was provided.

10. DM, Ltd. never provided written notice to PIIC of MMI's claim for indemnity arising out of the Bounds Claim. As assignee of DM, Ltd., MMI failed to comply with policy provisions, including notice of the claim.

**2. No Indemnity Owed to DM, Ltd. for MMI's Claim for Contractual Indemnity Arising out of Bounds Claim**

11. Again, assuming without admitting the notice provided by DM, Ltd. in February 2010 is sufficient to satisfy the claim reporting requirements solely for the Bounds Claim,[1] the only policy which could even be considered for coverage based solely on Plaintiff's claims is the

---
[1] Claims related to Employees of Trattoria Lisina, such as Bounds, are specifically excluded from the 2009 DM, Ltd. Policy.

2009 DM, Ltd. Policy. However, based on the conditions precedent to coverage and policy exclusions, PIIC seeks a declaration that there is no coverage for the Plaintiff's indemnity claim under this policy either.

### a.) February 2010 Notice Remains Untimely

12. Even if DM, Ltd.'s notice included the claim for indemnity by MMI, which it did not, the Second Amended Petition filed by Bounds confirms it was a known loss already in progress prior to the inception of this Policy Period; therefore, notice was untimely. Failure to timely notify PIIC of the Bounds Claim fails to satisfy the condition precedent to trigger any coverage, indemnity or otherwise.

13. Indeed, PIIC has reiterated under no uncertain terms that the agreement to provide coverage for loss (defense costs and damages) is limited to those claims **first made and reported** within the policy period as detailed on the Application, the Declarations Page of the subject policies and the Insuring Agreement.

14. The 2009 DM, Ltd. Policy provides seven different definitions of a Claim under the policy as referenced above, including a written demand for monetary or non-monetary relief; a judicial or civil proceeding commenced by service of a complaint or similar pleading; and/or a formal administrative or regulatory proceeding commence by the filing of a notice of charges, formal investigation order or similar document, including proceedings before the EEOC or any similar government agency. MMI now claims PIIC was required to indemnify DM, Ltd. for MMI's claim for indemnity arising out of the Bounds Claim against MMI. Again, DM, Ltd. made no such claim to PIIC for the indemnity agreement. Accordingly, any claim by and through DM, Ltd. by MMI is barred as untimely. Furthermore, a claim for indemnity arising out of a contract does not meet the definition of a Wrongful Act under the subject policy. Therefore,

the alleged loss for which MMI seeks recovery under the DM, Ltd. policy does not meet the definition of a Claim to trigger coverage under the policy. However, even assuming it did satisfy the definition of a Claim, DM, Ltd. did not provide written notice to PIIC of said claim and subsequently released all claims against PIIC for any claims pertaining to the Bounds Lawsuit, which would include MMI's indemnification claim.

15. Because the policy issued is a claims made and reported policy, PIIC specifically negotiated a limited term of coverage for those <u>unknown</u> claims made to DM, Ltd. and reported to PIIC from October 20, 2009 – October 20, 2010, or within the sixty days of the expiration of the policy. For these reasons, state and federal courts applying Texas law, have held insurers do not have to show prejudice to avoid coverage on a claims made and reported policy when the Insured fails to comply with its notice provisions.[2]

### b.)    Several Exclusions Operate to Avoid Coverage

16. In the alternative, and assuming DM, Ltd. provided timely notice of MMI's claim, which it did not, this indemnity claim is further subject to the Exclusions in the 2009 DM, Ltd. Policy.

17. Plaintiff's claim for indemnity as assignee of DM, Ltd. is barred from coverage under any of the policies issued by PIIC to DM, Ltd. for several reasons articulated above and provided herein. Specifically, MMI's claim for indemnity arises out of a contract. The contractual liability exclusion bars coverage for said claims under Part 2, III. D.

18. Common Policy Exclusion F. also negates coverage for any Claim, arising out of, based upon or attributable to a demand against the Insured pending on or before the Prior and

---

[2] *Pennzoil-Quaker State Co. v. American Internat'l Spec. Lines Ins. Co.,* 653 F.Supp.2d 690, 698 (S.D. Tex. 2009)(citing *East Texas Medical Center Regional Healthcare System v. Lexington Ins. Co.,* 575 F.3d 520 (5th Cir. 2009); *Komatsu v. U. S. Fire Ins. Co.,* 806 S.W.2d 603, 607 (Tex. App. – Ft. Worth 1991, writ denied); *Yancey v. Floyd West & Co.*, 755 S.W.2d 914, 923 (Tex. App. – Ft. Worth 1988, writ denied)).

Pending Date, or October 20, 2008. Because the Bounds Claim pre-existed the PIIC Policies, MMI's indemnity claim arising out of said claim is also barred based on the knowledge of the Insureds.

19. In addition, the **Related Party Exclusion** added by Endorsement to the 2009 DM, Ltd. Policy, states:

> With respect to coverage under Part(s) 2, the **Underwriter** shall not be liable to make any payment for **Loss** in connection with any Claim brought by or against, based upon, arising out of, directly or indirectly resulting from or in consequence of, the activities or operations of the following related party:
>
> Trattoria Lisina

There is no ambiguity with regard to the application of this Exclusion. Specifically, any Claim brought by or against, based upon, arising out of, directly or indirectly resulting from the activities and operation of Trattoria Lisina is not covered. The Bounds Claim for which MMI seeks indemnity from DM, Ltd. arises out of the operations and activities of Trattoria Lisina. MMI admits Bounds worked at Trattoria Lisina in Paragraph 5 of Plaintiff's Original Petition. Accordingly, coverage remains excluded under the Related Party Exclusion.

20. Another exclusion which further bars coverage for the indemnity claim is also added as an Endorsement to the Policy called The Known Circumstances Revealed in the Application Exclusion ("KCRAE"). KCRAE specifically amends the policy to avoid any liability for Loss, defined as defense costs and indemnity, ". . . in connection with any Claim made against the Insured based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any matter, fact, or circumstance disclosed in connection with question 15A of the Application dated 10/15/08 and submitted on behalf of the Insured." Accordingly, based on Mr. Mandola's affirmative response to Question 15A of the Application dated 10/15/08 as discussed at length above, the Bounds Claim and MMI's claim for

indemnity arising out of said claim is excluded as it relates to and arises directly from the EEOC Charge filed by Bounds at the time the Application was completed on behalf of DM, Ltd.

21. The fortuity doctrine also operates to negate coverage when the Insured has notice of a loss or a loss in progress prior to the inception of the policy period. The fortuity doctrine precludes coverage for two categories of losses: known losses and losses in progress.[3] In other words, an insured cannot insure against something that has already begun and which is known to have begun.[4] A "known loss" is one that the insured knew had occurred before the insured entered the contract for insurance.[5] A "loss in progress" involves those situations in which the insured knows, or should know, of a loss that is ongoing at the time the policy is issued.[6]

22. Because the Bounds Claim was not <u>first made</u> during the policy period, October 20, 2009 – October 20, 2010, any subsequent notice of interrelated wrongful acts and/or subsequent litigation arising out of said claim, including this alleged indemnity claim, remains barred as a known loss already in progress prior to the inception of the policy. Not only was the Bounds Claim in existence prior to the 2009 Policy, but it was also in existence prior to the 2008 Policy.

### IV. JURY DEMAND

23. Counter-Plaintiff hereby requests that all issues of fact alleged herein be tried before a jury.

---

3 *Warrentech Corp.,* 210 S.W.3d at 766 (*citing Two Pesos, Inc. v. Gulf Ins. Co.,* 901 S.W.2d 495, 502 (Tex. App. – Houston [14th Dist.] 1995, no writ)(op. on reh'g)).
4 *Id. (citing Summers v. Harris,* 573 F.2d 869, 872 (5th Cir. 1978)).
5 *Id. (citing Burch v. Commonwealth County Mut. Ins. Co.,* 450 S.W.2d 838, 840-41 (Tex. 1970)).
6 *Id. (citing Tex. Krishnas, Inc.,* 143 S.W.3d at 230).

## V. ATTORNEY'S FEES

24. Philadelphia seeks attorney's fees and costs incurred for this declaratory judgment action as no coverage is afforded and fees are equitable and just. 28 U.S.C. § 2202.

## VI. RIGHT TO AMEND

25. Defendant/Counter-Plaintiff would further reserve the right to amend this counterclaim as discovery progresses.

## VII. CONCLUSION AND PRAYER FOR RELIEF

26. Philadelphia seeks a declaration from this Court that it had no duty under any of the subject policies to indemnify the Plaintiff/Counter-Defendant, MMI, and/or MMI as assignee of DM, Ltd. as follows:

A. For a judgment declaring there is no coverage afforded by Private Company Protection Plus Policy Number PHSD368263, along with any changes, modifications, endorsements, or amendments, for the alleged indemnity agreement between MMI and DM, Ltd. or the alleged damages incurred by MMI as a result of DM, Ltd's failure to pay for defense costs and damages incurred by MMI arising out of the Bounds Claim.

B. For a judgment declaring there is no coverage afforded by Private Company Protection Plus Policy Number PHSD451932, along with any changes, modifications, endorsements, or amendments, for the alleged indemnity agreement between MMI and DM, Ltd. or the alleged damages incurred by MMI as a result of DM, Ltd's failure to pay for defense costs and damages incurred by MMI arising out of the Bounds Claim.

C. For a judgment against Defendant/Counter-Plaintiff for further necessary and proper relief based on a declaratory judgment or decree granted, after reasonable notice and hearing, against any Plaintiff/Counter-Defendant pursuant to 28 U.S.C. §2202.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff prays that Plaintiff/Counter-Defendant take nothing by its Plaintiff/Counter-Defendant's suit against Defendant/Counter-Plaintiff, that Defendant/Counter-Plaintiff be discharged and recover their attorney's fees and costs for the defense of this action, and for such other and further relief, both general and special, at law or in equity, to which Defendant/Counter-Plaintiff may be justly entitled.

Respectfully submitted,

By: /s/ David L. Miller

David L. Miller
Attorney-in-Charge
SBN 14067300
Federal I.D. #8833
dmiller@millerscamardi.com

Diane F. Burgess
SBN: 24036594
Federal I.D. #34380
dburgess@millerscamardi.com

Miller, Scamardi & Carrabba, P.C.
6525 Washington Avenue
Houston, Texas 77007
TEL: (713) 861-3595
FAX: (713) 861-3596

**ATTORNEY FOR DEFENDANT,
PHILADELPHIA INDEMNITY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2011, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

Mr. Brian W. Bishop
Attorney at Law
115 Wild Basin Road, Suite 106
Austin, Texas 78746


and I hereby certify that I have emailed the document to the following non-CM/ECF participants:

**VIA EMAIL**
Mr. Michael J. Kuper
**Co-Counsel for Plaintiff**
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056-5705



    /s/    David L. Miller