IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MANDOLA MANAGEMENT, INC. | § § | |
| V. | § § | CAUSE NO. 1:11-cv-00478-LY |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY | § § § | |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff, Mandola Management, Inc., submits this its First Amended Petition and would show:

I.  Background: The Parties.

1. In or about April 2005, Damian and Trina Mandola (the "Mandolas") and Stan and Lisa Duchman (the "Duchmans") entered into a limited partnership known as DuchMandola, Ltd. ("DM, Ltd."). DM, Ltd. owned and operated a winery (the "Winery") and the Trattoria Lisina Restaurant ("Trattoria") in Driftwood, Texas. Damian Mandola – as president of DuchMandola GP, Inc. ("GP, Inc.") – the general partner of DM, Ltd. – managed the operations of the DM, Ltd., the Winery, and Trattoria restaurant.[1]

II.  Background: The MMI/DM, Ltd. Indemnity Agreement.

2. In or about November, 2005, Plaintiff Mandola Management, Inc. ("MMI")[2] and DM, Ltd. entered into an employee leasing agreement (the "Leasing Agreement") pursuant to which MMI leased employees to DM, Ltd. to work at the Winery and Trattoria, and DM, Ltd. agreed to indemnify MMI from and against any claims brought against MMI by those leased

---

[1] The Mandolas withdrew from the limited partnership November 2009, leaving the Duchmans as the only limited partners. DM, Ltd. is now known as Duchman, Ltd.

[2] Mandola Management, Inc. ("MMI") was and is an employee/staff leasing company owned by the Mandolas. At all relevant times, Damian Mandola was an officer and director of MMI.

employees. The indemnity provision (the "Indemnity") is paragraph 7 of the Leasing Agreement.

III. Background - The Three Different Underlying Claims: 1. The Katherine Bounds' Claims Against the Mandolas and the Duchmans; 2. The MMI/Mandola Claims Against the Duchmans; and 3. The Duchman Claims Against PIIC.

3. As explained and discussed hereinafter, this current suit arises from three different claims:

   a. The Katherine **Bounds' claims** and lawsuit against the Mandolas/MMI and the Duchmans/DM, Ltd. (Cause No. D-1-GN-08-4114 in the Travis County District Court filed 11/13/08 and settled 6/28/10);

   b. The **MMI/Mandolas' claims** and lawsuit against the Duchmans/DM, Ltd. for indemnification of the Bound's claims (Cause No. C-1-CV-10-006956 in the Travis County Court filed 7/22/10 and settled 5/20/11); and

   c. The **Duchman/DM, Ltd.'s** claims against their insurance company PIIC (which the Duchmans did not present to PIIC but instead assigned to MMI, and which MMI prosecutes in this present suit).

IV. Background: The Bounds' Claims and Suit.

4. Beginning in November 2008, and continuing through August 2010, Katherine Bounds ("Bounds") – an MMI employee leased to Trattoria - filed and prosecuted a lawsuit (the "Bounds' Suit") against MMI, Damian Mandola, Trina Mandola, Stan Duchman and Lisa Duchman, Trattoria Lisina, L.L.C., DM, Ltd. and DuchMandola GP, Inc. (GP, Inc.) and claiming violations of the Texas Commission on Human Rights Act by Damian Mandola. The Bounds' Suit settled in mediation 6/10/10 prior to trial.

V. Background: MMI's Claims and Suit Against DM, Ltd. for Indemnity.

5. On July 22, 2010, MMI and the Mandolas sued DM, Ltd. claiming that DM, Ltd. was obligated pursuant to the Indemnity to reimburse MMI and the Mandolas for the losses and expenses they incurred defending the Bounds Suit. The Mandolas also sued for common law

and statutory indemnity as agents, officers, and directors of DM, Ltd. who had been sued for actions in the course and scope of their responsibilities as officers and directors of DM, Ltd. and its general partner GP, Inc. That lawsuit was Cause No. C-1-CV-10-006956 in the Travis County Court at Law (the "Travis County Indemnity Suit"). On May 9, 2011, the Court entered Final Judgment in the Travis County Indemnity Suit in favor of MMI and the Mandolas and against DM, Ltd. in the amount of $374,538.00. MMI and the Mandolas subsequently released the Duchmans and DM, Ltd. from the Travis County Indemnity Suit Final Judgment in consideration for payment in the amount of $347,538.00 paid 5/20/11 and the Assignment of certain DM, Ltd. claims against PIIC (as explained in ¶ 14 herein).

VI. Background: The PIIC Policies Insured DM, Ltd. Against Employee Practice Act Claims.

6. DM, Ltd. was and is the *Insured* under the following employee practice liability insurance policies issued by PIIC:

  a. Private Company Protection Plus Policy No. PHSD451932 (the "2009 Policy"), with effective dates October 20, 2009 — October 20, 2010.

  b. Private Company Protection Plus Policy No. PHSD368263 (the "2008 Policy"), with effective dates October 20, 2008 — October 20, 2009.

The 2008 Policy and the 2009 Policy are collectively referred to hereinafter as the "PIIC Policies".

The PIIC Policies require PIIC to indemnify DM, Ltd. for Employment Practice Act claims as follows:

> *PART 2: EMPLOYMENT PRACTICES LIABILITY INSURANCE*
>
> *The Underwriter shall pay on behalf of the **Insured**, **Loss from Claims** made against the Insured during the Policy Period (or, if applicable, the Extended Reporting Period), and reported to the Underwriter pursuant to the terms of this Policy, **for an Employment Practice Act**.*[3]

---
[3] Policies at pp. 0189; 0076.

3

*A. Employment Practice Act means **any actual or alleged:***

1. ***violation of employment discrimination laws (including harassment);***
2. ***sexual or workplace harassment of any kind;***

*and committed or attempted **by an Individual Insured** in his/her capacity as an Individual Insured or **by the Private Company**.*[4]

7.  PIIC paid $98,500.00 to Bounds pursuant to PIIC Policy 1932 in settlement of the Bounds' Suit. PIIC also paid $70,000.00 to DM, Ltd. in reimbursement of DM, Ltd.'s defense costs in the Bounds' Suit.

VII. <u>PIIC was and is Obligated to Indemnify DM, Ltd. for DM, Ltd.'s Losses in Conjunction with the Bounds' Suit and the Travis County Indemnity Suit.</u>

8.  Part 2 of the PIIC Policies requires PIIC to indemnify DM, Ltd. from and against *Losses* from *Claims* during the *Policy Period* for an alleged *Employment Practice Act* committed by an *Individual Insured* or by the *Private Company*. According to the Policies:

a. *"**Loss**" means **damages and/or defense costs**;*[5]

b. *"**Claims**" means written demand or **judicial/civil proceeding*** (which means the Bound's Suit <u>and</u> the Travis County Indemnity Suit);[6]

c. *"**Employment Practice Act**" means any actual or **alleged** wrongful termination, **violation of employment discrimination laws (including harassment)**, etc.* (as alleged in the Bounds Suit);[7]

d. *"**Individual Insured**" means any **current or former officers and directors (and their spouses)** of the Private Company* (which means the Mandolas who were officers and directors of DM, Ltd. and of GP, Inc. - the general partner of DM Ltd.)[8]; and

---

[4] Polices at pp. 0189-90; 0076-77.

[5] Policies at pp. 0195; 0082.

[6] Policies at pp. 0193; 0080.

[7] Policies at pp. 0189; 0076-77.

[8] Policies at pp. 0194; 0081.

4

e. *The "**Private Company**" means the "Named Corporation" (*which means DM, Ltd.*).*[9]

In other words, the PIIC Policies required PIIC to pay DM, Ltd. (the Insured) for DM, Ltd.'s *damages* and *defense costs* incurred as a result of the Bounds Suit (which PIIC paid – see ¶ 7) and also DM, Ltd.'s *damages* and *defense costs* incurred as a result of the Travis County Indemnity Suit because both suits were based on alleged wrongful employment acts by the Mandolas and DM, Ltd.

9. DM, Ltd.'s *damages* incurred as a result of the Travis County Indemnity Suit include the $347,538.00 (see ¶ 5 herein) that represents the MMI and the Mandolas' defense costs and damages in the Bounds Suit (and covered by the Policies' definitions of *"Claims* and *"Loss"*). That $374,538.00 also represents DM, Ltd.'s *Loss* because DM, Ltd. was responsible – under the Indemnity - for MMI and the Mandolas' defense of claims based on *Employment Practice Acts* allegedly committed by Damian Mandola (an *Individual Insured)* while he was acting in his capacity of an officer and director of DM, Ltd. and GP, Inc. in managing the operations of Trattoria. PIIC was and is obligated by the PIIC Policies to pay DM, Ltd.'s *Loss, damages,* and *defense costs* in connection with: a) the Bound's Suit (for which PIIC had already paid DM, Ltd. - see ¶ 7 herein); and b) DM, Ltd.'s *Loss, damages,* and *defense costs* arising from MMI and the Mandolas' claims against DM, Ltd. which the Mandolas prosecuted against DM, Ltd. in the Travis County Indemnity Suit. DM, Ltd. did <u>not</u>, however, ever present any claim against PIIC for coverage of the Mandola/MMI claims against DM, Ltd. in the Travis County Indemnity Suit. DM, Ltd. <u>did</u>, however, subsequently <u>assign</u> to MMI all of DM, Ltd.'s rights and claims against PIIC as part of the settlement of the Travis County Indemnity Suit (which

---

[9] Policies at pp. 0195, 0174, 0082, 0058.

gives MMI standing to prosecute this suit). MMI in this suit now sues PIIC seeking to collect the monies that PIIC owes DM, Ltd. (said claim having been assigned to MMI) under the PIIC Policies (those claims are referred to hereinafter as the "PIIC Claims").

VIII. The Mandolas and MMI's Claims Against DM, Ltd. Were Not and are Not Excluded by the PIIC Policies.

10. The exclusion provisions of the PIIC Policies do not exclude PIIC's obligations to indemnify DM, Ltd. against the Mandolas' claims in the Travis County Indemnity Suit. The PIIC Policy exclusions from coverage at *Section III* provide, in relevant part, as follows:

> *III. EXCLUSIONS*
>
> *The **Underwriter** shall not be liable under this Part 2 to make any payment for Loss in connection with any **Claim** made against the Insured:*
>
> A. *arising out of, based upon or attributable to obligations or payments owed under an agreement to assume another's liability; however, **this exclusion does not apply** to any of the following:*
>
> > *1.    **Liability of the Private Company which would have attached even in the absence of such contract or agreement.***
> >
> > *2.    **Defense Costs.**[10]*

11. The Policies' Exclusions set forth in *Section III* do **not** exclude PIIC's liability for DM, Ltd.'s liability for damages incurred by MMI and the Mandolas in the Bounds Suit because:

    a.    While Exclusion IIIA would otherwise exclude coverage for contractual liability on the part of DM, Ltd. (e.g. MMI's indemnity claims based on the Indemnity in the Leasing Agreement), it is undisputable that liability of DM, Ltd. (the *"Private Company"*) *would have attached* (and did attach) *even in the absence of such contract or agreement* because the Mandolas – as officers and directors of DM, Ltd. and GP, Inc. – also had valid common law and statutory claims against DM, Ltd. for defense against and indemnification

---
[10] Policies at pp. 0190-91; 0077-78.

from the Bounds Suit which Bounds filed against MMI and the Mandolas based on Bound's employment with DM, Ltd., and also against the Mandolas as officers of DM, Ltd. and its general partner GP, Inc. In other words, DM, Ltd.'s indemnity liability to the Mandolas existed – irrespective and independent of the Indemnity in the MMI Leasing Agreement – because Bounds sued the Mandolas for their actions as officers and directors of DM, Ltd. and GP, Inc. which meant that DM Ltd. had common law and statutory obligations to indemnify the Mandolas against Bound's claims (separate and independent of the MMI Leasing Agreement); and

b. The claims against PIIC that DM, Ltd. assigned to MMI (and that MMI as assignee seeks to recover from PIIC in this suit) include DM, Ltd.'s "*defense costs*" that DM, Ltd. incurred defending itself against MMI and the Mandolas' claims in the Travis County Indemnity Suit. Exclusion IIIA does not apply to claims for "*defense costs*" (even if) *arising under an agreement* (the MMI Leasing Agreement) *to assume another's* (MMI and the Mandolas) *liability*. DM, Ltd. had the right to sue PIIC and recover from PIIC the "*defense costs*" that DM, Ltd. incurred defending the Travis County Indemnity Suit. DM, Ltd., however, assigned that right to recover those "*defense costs*" to MMI. MMI now seeks to recover those "*defense costs*" from PIIC in this suit.

12. The PIIC Policy exclusions to coverage at *Part 5* provide, in relevant part, as follows:

<u>*PART 5*</u>
*COMMON POLICY EXCLUSIONS*

*The Underwriter shall not be liable to make any payment for Loss in connection with any Claim made against the Insured:*

K. brought or maintained by any Individual Insured <u>**except:**</u>

1. ***any Claim** in the form of a cross claim, third party claim or other claim for contribution or indemnity by an **Individual Insured** which is part of or results directly from a **Claim** which is not otherwise excluded by this **Policy**.*[11]

13. The Policies' Common Policy Exclusions set forth in Part 5 do not exclude PIIC's liability for damages to MMI and the Mandolas because while the Travis County Indemnity Suit was brought by an "*Individual Insured*" (the Mandolas), the Travis County Indemnity Suit was also a *Claim* asserted *by an Individual Insured* (Damian Mandola) **which**

---
[11] Policies at pp. 0197-98; 0084-85.

7

***is part of or results directly from a Claim*** (the Bounds' Suit against DM, Ltd.) ***which is not otherwise excluded by the Policy.*** It is undisputable that PIIC previously accepted DM, Ltd.'s claim for coverage for the Bounds Suit. It is also undisputable that PIIC paid $98,500.00 to Bounds pursuant to PIIC Policy 1932 in settlement of the Bounds Suit, and also paid $70,000.00 to DM, Ltd. 10/31/10 in reimbursement of DM, Ltd.'s defense costs incurred in the Bound's Suit (see the 10/31/10 DM, Ltd./PIIC Policy Release and Settlement Agreement). It is also undisputable that PIIC has **never** claimed that the Bounds' Suit was or is excluded from coverage under the Policies. Accordingly, the Common Policy Exclusions *exception* to the *Part 5 Exclusions* brings MMI and the Mandolas' claims against DM, Ltd. based on the Indemnity "back" into DM, Ltd.'s coverage under the PIIC Policies.

IX. <u>The Undisputable Facts Conclusively Establish that MMI is the Assignee of DM, Ltd.'s Claims Against PIIC.</u>

14. On or about April 2011, DM, Ltd. assigned to MMI all of DM, Ltd.'s rights and claims against PIIC. The Assignment allows MMI to sue PIIC for, and to recover from PIIC:

1. DM, Ltd.'s *losses* and *damages* incurred in the Travis County Indemnity Suit (the $374,538.00 that DM, Ltd. paid MMI 5/20/11 – see ¶ 5 herein); and

2. DM, Ltd.'s *defense costs* incurred in the Travis County Indemnity Suit (the foregoing two claims are referred to herein as the "PIIC Claims").

The Assignment authorizes and empowers MMI to prosecute all legal claims against PIIC in connection with the PIIC Claims in the stead of DM, Ltd. The DM, Ltd. Assignment to MMI is one term and component of the 5/20/11 Mediated Settlement Agreement. The Assignment also establishes that the Assignment was and is supported by consideration.

X. <u>DM, Ltd.'s, Claims Against PIIC – Assigned to MMI – Are NOT Released By the 10/31/10 PIIC/DM, Ltd. Release.</u>

15. On October 31, 2010, PIIC and DM, Ltd. entered into the Policy Release and Settlement Agreement ("DM, Ltd. Release") which released DM, Ltd.'s claims against PIIC in conjunction with Bounds' Claims in the Bound's Suit. The DM, Ltd. Release, in relevant part, provides as follows:

> ***"Disputed Claim"** refers to **claims** which DUCHMANDOLA has asserted or could assert **arising out of coverage decisions made by Philadelphia with regard to the claims of Katherine Bounds against DUCHMANDOLA** and includes, but is not limited to, DUCHMANDOLA's breach of contract claims arising out of the Policies, including but not limited to any contractual or equitable subrogation rights asserted by or on behalf of DUCHMANDOLA; all claims for violations of the Texas Insurance Code of any kind; all claims for violations of the Texas Deceptive Practices Act of any kind, including those under Lamar Homes; all common law bad faith claims and those arising out of any duty of good faith and fair dealing; and any contractual claims for attorneys' fees and expenses provided in defense of DUCHMANDOLA by the law firm of Ebe & Associates, and/or any other attorney(s) retained by DUCHMANDOLA for the Bounds Lawsuit...*
>
> . . .
>
> *UPON EXECUTION OF THIS AGREEMENT AND PAYMENT OF THE CONSIDERATION SET FORTH IN SECTION 2, **DUCHMANDOLA FULLY RELEASES AND FOREVER DISCHARGES WITH PREJUDICE PHILADELPHIA FROM ANY AND ALL CLAIMS**, ACTIONS, CAUSES OF ACTION, APPEALS, SUITS, RIGHTS, OBLIGATIONS, DAMAGES, LOSSES, DEFENSE COSTS, ATTORNEY'S FEES, CHARGES, DEBTS, LIABILITIES, AND DEMANDS WHATSOEVER, WHETHER FORESEEN OR UNFORESEEN, KNOWN OR UNKNOWN, DISCLOSED OR UNDISCLOSED, MATURED OR UNMATURED, FIXED OR CONTINGENT, LIQUIDATED OR UNLIQULDATED, IN LAW, EQUITY OR OTHERWISE, **WHICH DUCHMANDOLA HAS OR HAD THAT RELATE IN ANY WAY TO THE DISPUTED CLAIM** AND ANY AND ALL **PRIOR DEALINGS BETWEEN THE PARTIES RELATED TO THE DISPUTED CLAIM** AS OF THE EFFECTIVE DATE OF THIS AGREEMENT, OF ANY TYPE OR CHARACTER, INCLUDING CLAIMS THAT HAVE BEEN ASSERTED OR COULD HAVE BEEN ASSERTED IN A LAWSUIT, EXCEPT FOR THE OBLIGATIONS IMPOSED BY THIS AGREEMENT. DUCHMANDOLA AND PHILADELPHIA UNDERSTAND AND AGREE THAT DUCILMANDOLA'S RELEASE DOES NOT EXTEND TO ANY CLAIM THAT DAMIAN MANDOLA AND/OR HIS SPOUSE, TRINA MANDOLA, HAVE OR ASSERT AGAINST PHILADELPHIA UNDER THE POLICIES, OR ANY OTHER POLICY ISSUED BY PHILADELPHIA.*

16. The 10/31/10 DM, Ltd. Release clearly released claims that DM, Ltd. had or has against PIIC arising from PIIC's obligation to insure DM, Ltd. against the claims that Bounds

9

prosecuted against DM, Ltd. (the Bound's Claims and Suit are referred to in the DM, Ltd. Release as the "*Disputed Claim*": "***Disputed Claim*** (means) *claims which DUCHMANDOLA has asserted or could assert arising out of coverage decisions made by PIIC with regard to the claims of Katherine Bounds against DUCHMANDOLA*"). The DM, Ltd. Release did <u>not</u> and does <u>not</u>, however, release DM, Ltd.'s claims against PIIC (now assigned to MMI and the basis of this suit) arising from the <u>Mandolas and MMI's</u> Indemnity claims in the Travis County Indemnity Suit (the "Mandola Indemnity Claims") against DM, Ltd. (and that DM, Ltd. paid 5/20/11 - see ¶ 5 herein). In other words, the 10/31/10 DM, Ltd. Release effectuated only release of DM, Ltd.'s claims against PIIC related to <u>the</u> (singular) "*Disputed Claim*"; the operative definition of "*Disputed Claim*", however, is the DM, Ltd. claim arising out of coverage decisions made by PIIC with regard to the <u>Bound's</u> Claims against DM, Ltd. - **not the Mandola Indemnity Claims** against DM, Ltd.

XI. <u>MMI's Claims (as assignee of DM, Ltd.'s Claims) Against PIIC are not Released by the 2/11/11 Policy Release and Settlement Agreement Between MMI and PIIC.</u>

17. On 2/11/11, MMI and PIIC entered into the Policy Release and Settlement Agreement ("MMI/PIIC Release") which released MMI's claims against PIIC in conjunction with the Bounds' Claims in the Bounds' Suit. The MMI/PIIC Release, in relevant part, provides as follows:

> "*Disputed Claim*" *refers to claims which MANDOLA has asserted or could assert arising out of coverage decisions made by Philadelphia with regard to the claims of Katherine Bounds against MANDOLA and includes, but is not limited to: MANDOLA' s breach of contract claims arising out of the Policies, including but not limited to any contractual or equitable subrogation rights asserted by or on behalf of MANDOLA, regarding the claims of Katherine Bounds;* all claims for violations of the Texas Insurance Code of any kind with regard to or based upon the coverage decisions made regarding *the claims of Katherine Bounds against Mandola;* all claims for violations of the Texas Deceptive Practices Act of any kind, including those under Lamar Homes with regard to or based upon the coverage decisions for the *claims of Katherine Bounds against Mandola;* all common law bad faith claims and/or those arising out of any duty of good faith and fair

*dealing with regard to or based upon the coverage decisions for the **claims of Katherine Bounds against Mandola**; all claim asserted in the DEC ACTION with regard to or based upon the coverage decisions for the **claims of Katherine Bounds against Mandola**; and any contractual claims for attorneys' fees and expenses provided in defense of MANDOLA **for claims brought by Katherine Bounds** by the law firms of Michael J. Kuper, Chamberlain-McHaney, and Brian Bishop, and/or any other attorney(s) retained by MANDOLA for the Bounds' Lawsuit and DEC ACTION. **This Release is not intended to and shall not include or affect the claims asserted by MANDOLA in the proceeding against DuchMandola, Ltd., which remains pending.***

*UPON EXECUTION OF THIS AGREEMENT AND PAYMENT OF THE CONSIDERATION SET FORTH IN SECTION 2, MANDOLA FULLY RELEASES AND FOREVER DISCHARGES WITH PREJUDICE PHILADELPHIA FROM ANY AND ALL CLAIMS, ACTIONS, CAUSES OF ACTION, APPEALS, SUITS, RIGHTS, OBLIGATIONS, DAMAGES, LOSSES, DEFENSE COSTS, ATTORNEY'S FEES, CHARGES, DEBTS, LIABILITIES, AND DEMANDS WHATSOEVER, WHETHER FORESEEN OR UNFORESEEN, KNOWN OR UNKNOWN, DISCLOSED OR UNDISCLOSED, MATURED OR UNMATURED, FIXED OR CONTINGENT, LIQUIDATED OR UNLIQUIDATED, IN LAW, EQUITY OR OTHERWISE, **WHICH MANDOLA HAS OR HAD THAT RELATE IN ANY WAY TO THE DISPUTED CLAIM** AND ANY AND ALL PRIOR DEALINGS BETWEEN THE PARTIES **RELATED TO THE DISPUTED CLAIM** AS OF THE EFFECTIVE DATE OF THIS AGREEMENT, OF ANY TYPE OR CHARACTER, INCLUDING CLAIMS THAT HAVE BEEN ASSERTED OR COULD HAVE BEEN ASSERTED IN A LAWSUIT INCLUDING THE DEC ACTION, EXCEPT FOR THE OBLIGATIONS IMPOSED BY THIS AGREEMENT. MANDOLA AND PHILADELPHIA UNDERSTAND AND AGREE THAT MANDOLA'S RELEASE DOES NOT EXTEND TO ANY CLAIM THAT MANDOLA HAS OR ASSERTS AGAINST DUCHMANDOLA, LTD IN THE DEC ACTION OR ANY OTHER PROCEEDING.*

The 2/11/10 MMI/PIIC Release clearly released claims that MMI had or has against PIIC arising from PIIC's obligation to insure MMI (and the Mandolas) against the claims that Bounds prosecuted against MMI/Mandolas (the Bound's Claims and Suit are referred to in the MMI/PIIC Release as the *"Disputed Claim"*: *"Disputed Claim (means) **claims which MANDOLA has asserted or could assert arising out of coverage decisions made by PIIC with regard to the claims of Katherine Bounds against MANDOLA***"). The MMI/PIIC Release did not and does not, however, release either: a) **DM, Ltd.'s claims against PIIC** (now assigned to MMI and the basis of this suit); or b) **MMI's claims against DM, Ltd.** in the Travis County

11

Indemnity Suit (the "Mandola Indemnity Claims" that DM, Ltd. paid 5/20/11 ¶ 5 herein). In other words, the MMI/PIIC Release effectuated release of **MMI's** claims against **PIIC** related to only <u>the</u> (singular) *"Disputed Claim"*; the operative definition of *"Disputed Claim"*, however, is the MMI/Mandola claim arising out of coverage decisions made by PIIC with regard to the **<u>Bound's</u> Claims** against PIIC - **not the <u>Mandola</u> Indemnity Claims** against DM, Ltd. or DM, Ltd.'s claims against PIIC based on the Travis County Indemnity Suit.

18. The failure or refusal on the part of PIIC to pay the PIIC Claims constitutes a breach of contract on the part of PIIC. MMI – as assignee of DM, Ltd. seeks and is entitled to recover those damages proximately caused by PIIC's breach of contract. Plaintiff's damages include the $347,538.00 that DM, Ltd. paid MMI 5/20/11 plus DM, Ltd.'s *defense costs* incurred defending against the Travis County Indemnity Suit which DM, Ltd. had the right to recover from PIIC.

19. MMI also seeks and is entitled to declaratory judgment declaring that:

   a. MMI is the assignee of the PIIC Claims;

   b. PIIC is liable to MMI (as assignee) for the monies that PIIC owes to DM, Ltd. under the Policies representing: i) DM, Ltd.'s damages and loss in the Travis County Indemnity Suit; and ii) PIIC's defense costs in the Travis County Indemnity Suit; and

   c. MMI's claims and relief sought are not barred or released by the 10/31/10 DM, Ltd./PIIC Release or the 2/11/11 PIIC/Mandola Release.

20. All conditions precedent to MMI's right to recovery and to the relief sought herein have been met or have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing that Plaintiff have and recover judgment against Defendant for Plaintiff's actual damages, attorney's fees, maximum allowable pre-judgment, and post-judgment interest. Plaintiff prays for declaratory judgment. Plaintiff prays for other and further relief.

Respectfully submitted,

Brian W. Bishop
State Bar No. 02346300
Attorney at Law
115 Wild Basin Road, Suite 106
Austin, Texas 78746
(512) 327-5121
(512) 327-5122

By: _____
Brian W. Bishop

Michael J. Kuper
State Bar No. 11765000
Attorney at Law
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056-5705
(713) 892-4888
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on the 6 day of September, 2011, I electronically filed the foregoing document with the United States District Court for the Western District of Texas through its Case Management/Electronic Case Files system and thereby upon all parties of record.

_____
Brian W. Bishop