IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MANDOLA MANAGEMENT, INC. | § § | |
| V. | § § | CAUSE NO. 1:11-cv-00478-LY |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY | § § § | |

**PLAINTIFF'S RESPONSE TO STANLEY M. DUCHMAN'S OBJECTION AND MOTION TO QUASH DEPOSITION NOTICE AND SUBPOENA**

Mandola Management, Inc. ("MMI"), Plaintiff and Respondent herein submits this its Response to (non-party) Stanley M. Duchman's Objection and Motion To Quash Deposition Notice and Subpoena, and would show:

1. On 8/25/11, MMI served Stanley M. Duchman ("Duchman") with its Deposition Notice and Subpoena Duces Tecum in this cause (exh. A hereto and to Duchman's Motion to Quash) and requiring Duchman to appear for deposition 9/21/11 in Houston Texas (the county of Duchman's residence and business).

2. On 9/8/11, Duchman served his Objection and Motion to Quash Deposition Notice and Subpoena. Duchman's Motion to Quash seeks to quash the 9/21/11 deposition on the following basis:

    a. Duchman alleges that the claims that Duchman, Ltd. (referred to as "DM, Ltd." hereinafter and also in Plaintiff's First Amended Petition in this suit) assigned to MMI pursuant to the 4/20/11 Settlement Agreement and assignment of claims in the related Travis County Court case (which DM, Ltd. assigned to MMI and on which MMI sues PIIC in this suit)[1] have "*all been released by Duchman, Ltd. in*

---

[1] The claims presented in the related Travis County Court case are explained in paragraph 5 of Plaintiff's First Amended Petition in this suit (the Travis County Court case is referred to therein as the "Travis County Indemnity Suit"). The Mandolas/MMI 4/20/11 DM, Ltd. settlement in the Travis County Indemnity Suit – and the assignment of the present claims against PIIC from DM, Ltd. to MMI – are explained in paragraph 14 of Plaintiff's First Amended Petition (exh. B).

*its prior settlement with ("PIIC")*[2] *and that "PIIC should first have an opportunity to present its motion for summary judgment"* before Duchman is deposed; and

    b.    The documents subpoenaed *"have no apparent relevancy to the claims in this case"*.[3]

3.    In response, MMI submits the following: MMI sues PIIC for claims that Duchman, Ltd. had/has against PIIC and which Duchman, Ltd. assigned to MMI pursuant to the 4/20/11 Mandolas'/MMI Settlement Agreement with DM, Ltd. and the Duchmans (exh. C hereto) in Cause No. C-1-CV-10-00695 (referred to in Plaintiffs' First Amended Petition in this suit as the "Travis County Indemnity Suit"). Both Duchman's testimony and the records subpoenaed are relevant to the claims that MMI prosecutes in this suit for at least the following reasons:

    a.    Duchman's testimony is relevant to establish the allegations and claims asserted against DM, Ltd. and MMI in the underlying Bounds' Lawsuit and MMI's Travis County Indemnity Suit against DM, Ltd. which are the bases for PIIC's coverage and indemnity obligations to PIIC (and which are the bases of the claims DM, Ltd. assigned to MMI and for which MMI now sues PIIC in this suit).[4]

    b.    Duchman executed the 4/20/11 Settlement Agreement and assignment of claims (exh. D hereto) as president of and on behalf of DM, Ltd. Duchman's testimony is, therefore, directly relevant to authenticating DM, Ltd.'s negotiation, execution,

---

[2] The 10/31/10 DM, Ltd./PIIC release (exh. D hereto) is explained and referred to as the "DM, Ltd. Release" at paragraph 15 of Plaintiff's First Amended Petition. MMI's position and explanation as to why the DM, Ltd. Release did not release the present claims against PIIC on which MMI now sues PIIC in this case are presented in paragraph 16 of Plaintiff's First Amended Petition.

[3] The documents subpoenaed to be produced at the Duchman deposition are:

*The billing or accounting records which document the attorney's fees that the Duchmans and DuchMandola, Ltd. paid in defense of the following lawsuits:*

    *1.*    *Bounds v. DuchMandola, Ltd.; Cause No. D-1-GN-08-004114; and*
    *2.*    *Mandola Management, Inc. v. DuchMandola, Ltd.; Cause No. C-1-CV-10-006956.*

See MMI's 8/16/11 subpoena duces tecum (exh. A).

[4] The Bounds' Suit and MMI's Travis County Indemnity Suit are explained in paragraphs 3-5 of Plaintiff's First Amended Petition.

and understanding of the 4/20/11 Settlement Agreement and assignment of claims.

c.  Duchman's testimony is necessary to establish that DM, Ltd. had never asserted the subject claims against PIIC (assigned to MMI) – and those claims were not pending - at the time that DM, Ltd. negotiated and executed the 10/31/10 release with PIIC (exh. D hereto) that Duchman now alleges released the claims that MMI prosecutes against PIIC in this suit.[5]

d.  Duchman's testimony is necessary to establish that PIIC never denied coverage for the Bounds' Lawsuit and claims.[6]

e.  Duchman's testimony is relevant to his/DM, Ltd.'s understanding and intentions with respect what claims were covered and referenced (and released by) in the 10/31/10 DM, Ltd./PIIC Release (exh. D).[7]

f.  MMI's claims in this suit against PIIC seek the recovery of damages that Duchman, Ltd. was/is entitled to be paid by PIIC (said claims having been assigned to MMI as part of the 4/20/11 Settlement Agreement and assignment of claims) – those damages are the amount of attorney's fees and damages that DM, Ltd. incurred in defense of the Travis County Indemnity Suit (which MMI asserts in this suit was a claim covered by the PIIC/DM, Ltd. insurance policy) for which PIIC was obligated to indemnify DM, Ltd. (and which MMI – as assignee – now seeks in this suit to recover from PIIC). See Plaintiff's First Amended Petition parag. 14:

*On or about April 2011, DM, Ltd. assigned to MMI all of DM, Ltd.'s rights and claims against PIIC. The Assignment allows MMI to sue PIIC for, and to recover from PIIC:*

***1. DM, Ltd.'s losses and damages incurred in the Travis County Indemnity Suit (the $374,538.00 that DM, Ltd. paid MMI 5/20/11…); and***

***2. DM, Ltd.'s defense costs incurred in the Travis County Indemnity Suit…***

Duchman's testimony – and the records subpoenaed (see exh. A hereto) - are necessary to "prove up" DM, Ltd.'s *"losses, damages, and defense costs"* which are the basis for MMI's claims and the recovery sought from PIIC in this suit.

f.  The PIIC *"motion for summary judgment"* that Duchman alleges PIIC should *"first have an opportunity to present"* has <u>not</u> been filed and – to MMI's

---

[5] See allegations and facts set forth at paragraph 9 of Plaintiff's First Amended Petition.

[6] See allegations and facts set forth at paragraph 13 of Plaintiff's First Amended Petition.

[7] See allegations and facts set forth at paragraphs 15 and 16 of Plaintiff's First Amended Petition.

knowledge – has not even been prepared. The Court may recall that at the 8/24/11 Pretrial Conference in this case, the parties, in fact, tentatively agreed to forego motions for summary judgment (including the Motion for Partial Summary Judgment that MMI filed 8/23/11 and which is pending) in lieu of having an expedited trial on the merits with stipulated evidence and exhibits. If PIIC actually files a Motion for Summary Judgment in this case, it is very likely that MMI will rely upon Duchman's testimony in its response.

4. In addition to the foregoing, Duchman will not be "harassed" or have "undue expense" in appearing for the 9/21/11 deposition in that Duchman has already been ordered by the Travis County Court to appear for deposition on 9/21/11 (at the same time and at the same location as the deposition notice/subpoena in this case) in Cause No. C-1-CV-11-005868 - see 8/23/11 Order Compelling deposition entered by the Travis County Court in Cause No. C-1-CV-11-005868 on 8/23/11 (exh. E hereto) and 8/16/11 deposition notice (exh. F).[8] Duchman has also been noticed to appear for deposition on the same date/time and location (for Duchman and his attorney's convenience) in another lawsuit currently pending regarding the Mandolas and DM, Ltd.[9]

5. MMI avers that Duchman's Motion to Quash is part and parcel of an ongoing practice on the part of Duchman and his attorney to obstreperously resist legitimate discovery - see the history presented in Plaintiffs' First Amended Motion to Compel Discovery filed 8/2/11 in the Travis County Court in Cause No. C-1-CV-11-005868 (exh. H) – said Motion to Compel precipitated the Travis County Court issuing its 8/23/11 Order (exh. E) requiring Duchman to appear for deposition 9/21/11.

6. MMI also seeks to recover its reasonable and necessary attorney's fees incurred in the preparation of this Response and as provided by Fed. Rule of Civ. Proc. 37.

---

[8] See Plaintiff's First Amended Petition in Cause No. C-1-CV-11-005868 pending in the Travis County Court and Plaintiff's 8/16/11 deposition notice in said suit (exh. F).

[9] See Plaintiff's First Amended Petition in Cause No. F11-036J4 pending in the Hays County Justice of the Peace Court and Plaintiff's 9/12/11 deposition notice in said suit (exh. G).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court deny Duchman's Objection and Motion to Quash Deposition Notice and Subpoena. Plaintiff prays for reasonable and necessary attorney's fees. Plaintiff prays for other and further relief.

Respectfully submitted,

Brian W. Bishop
State Bar No. 02346300
Attorney at Law
115 Wild Basin Road, Suite 106
Austin, Texas 78746
(512) 327-5121
(512) 327-5122

By: /s/ Brian W. Bishop
Brian W. Bishop

Michael J. Kuper
State Bar No. 11765000
Attorney at Law
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056-5705
(713) 892-4888
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on the 14 day of September, 2011, I electronically filed the foregoing document with the United States District court for the Western District of Texas through its Case Management/Electronic Case Files system and thereby upon all parties of record.

Steven R. Brown (via facsimile)
3331 Ranch Road 12, Suite 101
San Marcos, Texas 78666

/s/ Brian W. Bishop
Brian W. Bishop

A. 8/16/11     Duchman Subpoena Duces Tecum

B. 9/6/11      MMI v. PIIC Plaintiff's First Amended Petition

C. 4/20/11     Mandola/DM, Ltd. Mediated Settlement Agreement

D. 10/31/10    DM, Ltd./PIIC Release

E. 8/23/11     Order Compelling Discovery in Travis County Court Suit

F. 9/14/11     Plaintiff's First Amended Petition and 8/16/11 Duchman Deposition Notice in Travis County Court Suit

G. 9/8/11      Plaintiff's First Amended Petition and 9/12/11 Duchman Deposition Notice in Hays County Justice of the Peace Court Eviction Suit

H. 8/2/11      Plaintiffs' First Amended Motion to Compel Discovery in Travis County Suit