IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MANDOLA MANAGEMENT, INC. | § § | |
| V. | § § | CAUSE NO. 1:11-cv-00478-LY |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY | § § § | |

**COUNTER-DEFENDANTS DAMIAN MANDOLA AND
TRINA MANDOLA'S MOTION FOR SUMMARY JUDGMENT**

Damian Mandola and Trina Mandola (collectively referred to herein as the "Mandolas") Counter-Defendants submit this their Motion for Summary Judgment and would show:

1. Plaintiff Mandola Management, Inc. ("MMI") filed this suit 5/20/11 against Philadelphia Indemnity Insurance Company ("PIIC") asserting certain claims assigned to MMI by Duchman, Ltd. ("DM, Ltd.") pursuant to that certain Mediated Settlement Agreement dated 4/20/11. MMI sues PIIC for certain claims which MMI avers DM, Ltd. had/has against PIIC pursuant to PIIC Policy 1932.

2. On 11/1/11, PIIC filed its Motion to Join Damian Mandola, Trina Mandola, and Trattoria Lisina "as necessary indispensable parties to PIIC's counterclaim". According to PIIC:

> *The Mandolas and Trattoria have an alleged interest to the subject of this action, non-joinder of the Mandolas and Trattoria subjects PIIC "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest". Without joinder, PIIC could be faced with the exact same claims asserted by MMI in their instant suit from the Mandolas and/or Trattoria, regardless of the outcome of this suit.*

On 11/28/11, this Court granted PIIC's Motion to Join Damian Mandola, Trina Mandola, and Trattoria Lisina as parties.

3. On 12/10/11, PIIC filed its Second Amended Answer and Second Amended Counterclaim suing – for the first time – the Mandolas for: a) breach of contract; and b) declaratory judgment.

4.     PIIC sues the Mandolas because "*MMI seeks to recover for defense costs incurred for representation of Damian Mandola...*" and "*...because these claims were settled, Counter-Defendants as purported assignees of DM, Ltd. are in breach of the policy release and settlement agreement...*" by reason of MMI having filed this suit. PIIC also sues the Mandolas "*for disclosure of the terms of this confidential settlement*" by reason of MMI having filed this suit.

5.     The Mandolas seek summary judgment dismissing PIIC's counterclaims against the Mandolas for breach of contract because the Mandolas did not sue PIIC and have not sued PIIC, and, therefore, have not breached any confidentiality provision by MMI filing this lawsuit.

6.     The Mandolas also seek summary judgment dismissing PIIC's Counterclaims against the Mandolas for breach of contract because the Mandolas have not done anything that has caused PIIC to incur or sustain any damages or injury.

7.     The Mandolas also seek summary judgment dismissing PIIC's counterclaims against the Mandolas for declaratory judgment because the Mandolas have not asserted and do not assert that PIIC had any duty to indemnify the Mandolas. In addition, the Mandolas have irrevocably assigned to MMI whatever claims or causes of action they could have under the 4/20/11 Mediated Settlement Agreement, and MMI is, therefore, the only party who has any right, claim, or interest in the claims assigned under the 4/20/11 Mediated Settlement Agreement. See 11/14/11 Assignment - exhibit A hereto.

8.     Based on the foregoing, the Mandolas seek orders dismissing PIIC's counterclaims against Damian Mandola and Trina Mandola.

WHEREFORE, PREMISES CONSIDERED, the Mandolas pray that the Court grant Summary Judgment dismissing PIIC's counterclaims against the Mandolas. The Mandolas pray for other and further relief.

Respectfully submitted,

Brian W. Bishop
State Bar No. 02346300
Attorney at Law
115 Wild Basin Road, Suite 106
Austin, Texas 78746
(512) 327-5121
(512) 327-5122

By: _____
Brian W. Bishop

Michael Jay Kuper
State Bar No. 11765000
Attorney at Law
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056-5705
(713) 892-4888
Attorneys for Plaintiffs

## CERTIFCATE OF CONFERENCE

My name is Brian W. Bishop and I am one of the attorneys for Damian Mandola and Trina Mandola in this suit. I have discussed Counter-Defendants' Motion for Summary Judgment with Defendant's attorney. Defendant opposes this Motion for Summary Judgment.

_____
Brian W. Bishop

## CERTIFICATE OF SERVICE

I certify that on the __5__ day of January, 2012, I electronically filed the foregoing document with the United States District court for the Western District of Texas through its Case Management/Electronic Case Files system and thereby upon all parties of record.

_____
Brian W. Bishop

Case 1:11-cv-00478-LY   Document 51   Filed 01/06/12   Page 4 of 8

Filed
11 May 2 P3:33
Dana DeBeauvo
County Clerk
Travis County

| | |
|---|---|
| Damian Mandola and Trina Mandola<br>v.<br>Stanley M. Duchman, Lisa Duchman, DuchMandola, Ltd., and Capital Farm Credit, FLCA ("CFC") | Cause No. 10-0226<br><br>207th District Court<br>Hays County, Texas |

and

| | |
|---|---|
| Mandola Management, Inc., Damian Mandola, Trina Mandola, and Trattoria Lisina, L.L.C.<br>v.<br>Duchmandola, Ltd. | Cause No. C-1-CV-10-006956<br><br>County Court at Law No. 2<br>Travis County, Texas |

Memorandum of Settlement Agreement
Date: April 20, 2011

1. The Plaintiffs in both the above-referenced proceedings are collectively referred to as "Plaintiffs." Save and except CFC, the Defendants in both the above-referenced proceedings are collectively referred to as "Defendants."

2. Defendants as defined herein collectively agree to pay Plaintiffs as defined herein the total amount of $608,000.00 on or before May 20, 2011, in full settlement and release of all claims that Plaintiffs have or could assert against Defendants in the above-referenced proceedings.

3. CFC (through Stewart Title Guaranty Co.) agrees to pay Plaintiffs Damian and Trina Mandola the total amount of $33,000.00 no later than May 20, 2011, in full settlement and release of all claims that Damian and Trina Mandola have or could assert against CFC in the above-referenced proceeding in which CFC is a party. Plaintiffs hereby agree never to contest in the present or any future proceeding the due and proper execution, validity, enforceability, and first lien priority of the CFC liens made the subject of and as described in the Hays County proceeding.

4. Defendants agree to the entry of Agreed Final Judgments against them in the Hays County proceeding in the amount of $580,225.00 and in the Travis County proceeding in the amount of $347,538.00 no later than 14 days from April 20, 2011. Defendants agree to enter a take-nothing final judgment as to Defendants' Counterclaims against Plaintiffs in the Hays County proceeding. Plaintiffs agree that they will not abstract, execute or file any post-judgment discovery or other proceeding related to the Agreed Final Judgments until after May 20, 2011, if Plaintiffs have not been paid the settlement amount by May 20, 2011. The Agreed Judgment in the Hays County proceeding shall provide that Plaintiffs take nothing against CFC.

5. If Defendants pay $608,000.00 to Plaintiffs by on or before May 20, 2011, then Defendants' counsel will prepare and provide to Plaintiffs' counsel Releases of Judgment in both proceedings and a Release of the Lis Pendens and any other liens or encumbrances, if any (the "Releases") previously filed by one or more of the Plaintiffs in Hays County as regards the matters in dispute. Plaintiffs shall sign the Releases and return them to Defendants' counsel within three business days of receipt.

6. Save and except the obligations created by this agreement, Plaintiffs, on the one hand, and Defendants, on the other hand, agree to a full, complete and mutual release of all claims that

either side has or could assert against the other side of any type whatsoever as of the date hereof. Save and except the obligations created by this agreement, Plaintiffs agree to fully and completely release CFC on any claim that Plaintiffs have or could assert against CFC of any type whatsoever as of the date hereof. These releases include, as applicable, the owners, officers, directors, employees, agents, attorneys and representatives of the parties to the release.

Notwithstanding anything to the contrary contained herein, CFC is not hereby releasing or waiving, in whole or in part, any debt, liability, obligation, loan, lease, lien, security interest, collateral, agreement, contract, guaranty, or other undertaking or any kind or character owed presently or in the future on any existing or future loans made by CFC to Plaintiffs (the Mandolas) or Defendants (Duchman, Ltd., Stanley Duchman, and/or Lisa Duchman), and CFC is not hereby waiving or relinquishing, or agreeing to defer the exercise of, any rights or remedies, including collection rights or remedies, available to CFC with respect to any such loans, leases, or other obligations.

The failure of Defendants to perform any agreements of Defendants contained in this settlement agreement or in the Agreed Final Judgments, or any other default by Defendants hereunder, shall not affect or impair, in whole or in part, the releases and agreements made by Plaintiffs in favor of CFC in this settlement agreement. The agreements between Plaintiffs and CFC contained herein are separate and independent of the agreements between Plaintiffs and Defendants contained herein.

   7. The parties agree that the existing "Duchman Family Winery" letters will be placed on one side of the entrance and the existing "Mandola Estate" sign will be placed on the other side of the entrance, and Defendants may select which side to place their sign.

   8. Defendants agree to pay $200.00 per month to Plaintiffs towards maintenance of the front entrance commencing May 1, 2011.

   9. Defendants agree to order vines within the next 30 days for Spring planting for all dead and empty spaces in the vineyard and to plant such vines next Spring in all dead and empty spaces.

   10. Defendants hereby assign to Plaintiffs any claim, if any, presently held against PIIC in favor of DuchMandola, Ltd. based on Mandola Management, Inc.'s indemnity claim against DuchMandola, Ltd. in the Travis County proceeding.

   11. Defendants agree to maintain their vineyard consistent and compatible with the appearance, health, landscaping and maintenance of the Salt Lick vineyard, the Driftwood Estate vineyard and the Becker vineyard. The parties agree that this provision replaces the "aesthetics" standard set forth in the Lease.

   12. Defendants agree to return to Plaintiffs within 7 days the "Mandola Estate" sign in Defendants' possession.

   13. Each party agrees to bear his, her or its own attorney's fees and costs.

   14. The parties acknowledge that they have reviewed the terms of this mediated settlement agreement with counsel, that they enter into this agreement freely and of their own volition,

that those signing on behalf of entity parties and Trina Mandola have the full authority to enter into this agreement on such parties' behalf, and that this agreement as evidenced by the signatures below is legally binding and enforceable.

_____        _____
Damian Mandola                                         Stanley Duchman

_____        _____
Trina Mandola                                            Lisa Duchman

Mandola Management, Inc.                        DuchMandola, Ltd. n/k/a Duchman, Ltd.
By: _____        By: _____
Its: President                                              Its: President

Trattoria Lisina, L.L.C.                              Capital Farm Credit, FLCA:
By: _____        By: _____
Its: President                                              Its: Regional President

_____        _____
Counsel for Plaintiffs                                Counsel for Defendants

                                                              _____
                                                              Counsel for Capital Farm Credit, FLCA

Case 1:11-cv-00478-LY   Document 51   Filed 01/06/12   Page 7 of 8

Filed
11 April 28 P1:19
Dana DeBeauvo
County Clerk
Travis County

NO. C-1-CV-10-006956

| | | |
|---|---|---|
| MANDOLA MANAGEMENT, INC., DAMIAN MANDOLA, TRINA MANDOLA, AND TRATTORIA LISINA, L.L.C, | § § § § § § | IN THE COUNTY COURT AT |
| V. | § § | LAW NO. 2 |
| DUCHMANDOLA, LTD. | § | TRAVIS COUNTY, TEXAS |

## MOTION FOR ENTRY OF FINAL JUDGMENT

Mandola Management, Inc., Damian Mandola, Trina Mandola, and Trattoria Lisina, L.L.C., Plaintiffs and Movants herein submit this its Motion for Entry of Final Judgment and would show:

1. On April 20, 2011, all parties entered into that certain mediated settlement agreement which, among other things, provides that the parties shall present an Agreed Joint Motion for Entry of Final Judgment in this cause to the Court for entry of record no later than May 4, 2011.

2. Based on and pursuant to the parties' mediated settlement agreement, Plaintiffs move this Court to enter Final Judgment in the form reflected in the attached and proposed Final Judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for entry of Final Judgment. Plaintiffs pray for other and further relief.

Respectfully submitted,

Brian W. Bishop
115 Wild Basin Road, Suite 106
Austin, Texas 78746
Tel: (512) 327-5121
Fax: (512) 327-5122

By: _____
Brian W. Bishop
State Bar No. 02346300
Attorney for Plaintiffs

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing on the Motion for Entry of Final Judgment is set for the 9th day of May, 2011 at 9:00 p.m. before the Travis County Court.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was forwarded via facsimile on this the 27 day of April, 2011, to the following parties:

Charles E. Soechting
The Quinn Law Firm
400 W. Hopkins, Suite 100
San Marcos, Texas 78666

Steven R. Brown
3331 Ranch Road 12, Suite 101
San Marcos, Texas 78666

_____
Brian W. Bishop